van Gestel, Allan, J.
This matter comes before the Court on Plaintiffs Motion to Amend or Alter Judgment Denying Leave to Amend Derivative Complaint, Paper #28. The motion is opposed.
Referring to Superior Court Rule 9A(c)(2) and (3), the plaintiff has requested a hearing. This Court, respectfully, does not consider a hearing necessary. The situation is not complicated.
*338 This is a shareholder derivative action brought for the benefit of the nominal defendant American Tower Corporation (“ATC”), a Delaware corporation. What is alleged in the complaint are claims for breach of fiduciary duties against certain of ATC’s current and former officers and directors for allegedly backdating stock option's.
On October 24,2007, this Court granted the Motion of Nominal Defendant American Tower Corporation to Dismiss for Failure to Make Pre-Suit Demand, Paper #22, without leave to amend. In doing so, the Court relied, in part at least, upon the Delaware Supreme Court’s decision in White v. Panic, 783 A.2d 543 (Del. 2001). See Memorandum, Paper #26, at pp. 9-10, wherein this Court said: “As a result of the foregoing analysis of Delaware law and a review of the Verified Derivative Complaint, this Court concludes that it must be dismissed. Further, the Court accepts the Delaware Supreme Court’s reasoning that such dismissal ought to be without leave to further amend.”
In acting as it did, this Court spent the time and effort necessary to analyze the complaint then before it. No effort, however, was made by the plaintiff to seek leave to amend that complaint before this Court heard argument on the motion to dismiss, reviewed the record, examined the briefs, studied the law and crafted its decision. This was a time-consuming effort. Now, after that extensive exercise, the plaintiff for the first time seeks to have this Court alter or amend its decision to permit him to amend the complaint and, thereafter, on yet another ATC motion to dismiss, go through the same exercise again. All of this when, from the outset, both the plaintiff and this Court, were fully aware that ATC, in its moving papers, was seeking dismissal with prejudice and without leave to amend.
This kind of let’s-see-what-the-judge-does-on-the-motion-attacking-present-complaint-first,-and-then -move-to-amend-later approach is not favored in a busy Session of the Superior Court. Further, with this particular Court, the plaintiffs counsel — at least his local counsel — must be deemed to have been fully aware of this Court’s approach to these kinds of cases, particularly the reliance on White v. Panic to decline leave to amend, by reading its earlier decisions in In re Sonus Networks, Inc. Derivative Litigation, 18 Mass. L. Rptr. 295, 2004 WL 2341395, decided on September 27, 2004, and South Shore Gastrointerology UA v. Selden, 17 Mass. L. Rptr. 673, 2004 WL 1431059, decided on May 7, 2004. In each of these cases, this Court declined leave to amend relying on White v. Panic.
The Delaware Supreme Court said it well in White, 783 A.2d at 556-57.
[T]his case demonstrates the salutary effects of a rule encouraging plaintiffs to conduct a thorough investigation, using the “tools at hand” including the use of actions under Del. C. §220 for books and records, before filing a complaint. As the Court of Chancery observed, further pre-suit investigation in this case may have yielded the particularized facts required to show that demand is excused or it may have revealed that the board acted in the best interest of the corporation. In any event, the plaintiffs failure to undertake this investigation before filing the complaint — even if based on a good faith belief that the allegations in the complaint were sufficient under Rule 23.1 — cannot justify granting the plaintiff a second opportunity to remedy the complaint’s obvious deficiencies. Accordingly, we conclude that it would not be appropriate to grant the plaintiff leave to amend the complaint.
(Emphasis added.)
This Court agrees with the Delaware Supreme Court
ORDER
The Plaintiffs Motion to Amend or Alter Judgment Denying Leave to Amend Derivative Complaint, Paper #28, is DENIED.